SOPHIE AUFDERHEIDE, Appellant, v. THE GERMAN AMERICAN MUTUAL LIFE ASSOCIATION, Respondent.

### St. Louis Court of Appeals, April 21, 1896.

Insurance, Life: EXTENT OF WARRANTY AS TO OTHER INSURANCE. An applicant for life insurance answered in the negative an inquiry whether he had any other insurance on his life, and, if so, when and where, and for what amount such other insurance was taken, and by what kind of policies; he also warranted his answer to be true. *Held*, that the inquiry and warranty related only to other insurance known to him.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

REVERSED AND REMANDED.

*Paul F. Coste* for appellant.

*Chester H. Krum* and *Carl Otto* for respondent.

BOND, J.—Defendant is an insurance corporation doing business on the assessment plan. As such it issued a policy for $1,000, on the life of her husband, payable to plaintiff. In the application for the policy, the husband answered "No" to the following question: "Has the applicant any other insurance on his life? If

so, where, when taken, for what amount, and what kind of policies? State fully." The policy provided that all representations made in the application should be deemed warranties and a part of the contract of insurance. Upon the death of her husband, plaintiff sued for the amount of the policy. The defense was a breach of the warranty of the truth of the answer to the above question, in that the assured was then insured by the Industrial Branch of the Metropolitan Life Insurance Company of New York in the sum of $144. In rebuttal of evidence tending to prove this defense, plaintiff offered to prove the following facts: "That plaintiff, herself, had her husband, Hy. William Aufderheide, insured in the Industrial Branch of the Metropolitan Life Insurance Company of New York, in which branch that company issues a form of insurance, without examination of the insured, for a small amount, the premiums for which are paid in weekly installments; that plaintiff applied for this kind of insurance without her husband's knowledge, and that, not wishing her husband to know about it, she signed his name to the application therefor, on the assurance of the agent of the company that this was all right and permissible; that she never told her husband anything about this insurance, and that the policy was so issued and kept up by her during his life without any knowledge whatever of the issuance and existence of this insurance on his part. The policy so applied for is the one referred to in plaintiff's affidavits." The court refused to permit this proof. No other evidence being offered, an instruction was given that plaintiff could not recover, whereupon she took a nonsuit with leave, and, the court refusing to set the same aside, she appealed to this court.

The only question for review is the ruling of the court in refusing to permit the evidence offered in

rebuttal by plaintiff. The correctness of the court's ruling in this respect depends solely upon the construction applicable to the question put and the answer made by the husband in the application for the policy. These were warranties by the express language of the policy in suit, and their truthfulness was a condition precedent to a right to recover. The court evidently took the view that the scope of the inquiry embraced all insurance existing upon the applicant's life, whether known or unknown to him. This was an erroneous interpretation. The general question, "Has the applicant any other insurance on his life," only requires the answer, "I have," or, "I have not." The specific questions following predicated upon an affirmative answer to the first would be meaningless and unanswerable, unless the applicant was informed and could speak of the other insurance. His answer, "No," did not signify a denial of other insurance of which he was unaware, but was confined to such as existed within his knowledge. No rational inquiry could have extended beyond matters within the knowledge of the questioned party. This has been expressly decided in strictly analogous cases where inquiries are put to applicants for insurance in reference to their "good health," it being held that such interrogatory meant freedom from any conscious derangement of important organic functions. *Goucher v. N. W. Ass'n*, 20 Fed. Rep. 596; *Moulor v. Ins. Co.*, 111 U. S. 335; *Schwarzbach v. Ohio Val. P. Union*, 25 W. Va. 622; *Thompson v. Weems*, 9 App. Cas. L. R. 671; 1 Bacon [2 Ed.], sec. 233.

The obvious meaning of the questions and answer made in this case being confined to the information possessed by the applicant as to the existence of prior insurance on his life, the evidence proffered was competent as tending to establish the truthfulness of his

answer.    Hence its exclusion was error, and the judgment will be reversed and the cause remanded.    All concur.